F I L E D
United States Court of Appeals
Tenth Circuit

SEP 26 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KEVIN P. CHRISTOPHER,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant,

   and

NEC SPARTAN SCHOOL OF
AERONAUTICS,

      Defendant-Appellee.

No. 00-5256
(D.C. No. 00-CV-34-B)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

\* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kevin P. Christopher was a student at defendant NEC Spartan School of Aeronautics ("Spartan") in 1987, and again from 1989 until 1992. On January 13, 2000, he filed this suit against Spartan and the United States, asserting claims based on defendants' alleged misuse of his federal student loans. Representing himself, he alleged a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964(c), and violations of his constitutional rights to due process and equal protection. He also asserted that Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1070–1097, is unconstitutional. Spartan moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The magistrate judge recommended that the complaint be dismissed as to Spartan because plaintiff lacked standing to assert his claims and because his claims were time-barred under any of the statutes of limitations that could apply to them. The district court adopted the magistrate judge's Report and Recommendation, dismissed the complaint as to Spartan, and entered final judgment in favor of Spartan under Fed. R. Civ. P. 54(b).

Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291. Because plaintiff appears pro se on appeal, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). We review a dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing them

in the light most favorable to plaintiff. Aguilera v. Kirkpatrick, 241 F.3d 1286, 1292 (10th Cir. 2001). "A court should not grant a Rule 12(b)(6) motion unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotations omitted).

Plaintiff argues on appeal that: (1) his RICO claim was timely because it accrued in 1997, not in 1992; (2) he could have demonstrated standing if he had been allowed discovery to demonstrate a connection between Spartan and the United States; and (3) the district court's dismissal with prejudice as to Spartan will prevent him from recovering from all culpable parties.

We have carefully reviewed the magistrate judge's Report and Recommendation in light of the parties' materials and the record on appeal. We find no error, and affirm for substantially the same reasons as those set forth in the magistrate judge's thorough Report and Recommendation.

The judgment of the district court is **AFFIRMED**.

The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-