**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEVIN P. CHRISTOPHER,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 01-5183
(D.C. No. 00-CV-34-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kevin P. Christopher, proceeding pro se, appeals from an order of the district court granting the United States' motion for summary judgment in this action brought pursuant to Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1070-1099c. We affirm.

Mr. Christopher was a student at the NEC Spartan School of Aeronautics (Spartan) in 1987, and again from 1989 until 1992. He received student loans under the Federal Family Education Loan Program (Program) as authorized by Title IV. After Mr. Christopher withdrew from Spartan, he sent a letter to the Department of Education (DOE) asserting that Spartan had improperly handled his student loans. The DOE determined that Spartan had not complied with Program regulations when it certified Mr. Christopher as eligible for Program funds because he was a part-time student and, thus, ineligible. As a consequence, Spartan became liable to the lending institutions for the costs of the loans and assumed the obligation to collect the loans, totaling over $21,000.00 from Mr. Christopher. Mr. Christopher did not repay the loans and continued to contest the DOE's determination.

In 2000, Mr. Christopher filed suit against Spartan and the United States. He alleged Spartan had violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964(c). He sought to enjoin the DOE from implementing and enforcing the provision of Title IV and alleged the DOE

had violated his constitutional rights to due process and equal protection, thus the loans he received were illegal and unenforceable. He also sought to have Title IV declared unconstitutional.

Mr. Christopher's claim against Spartan was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court entered final judgment in favor of Spartan pursuant to Fed. R. Civ. P. 54(b). Mr. Christopher appealed and this court affirmed. See Christopher v. United States, No. 00-5256, 2001 WL 1134980, at **1 (10th Cir. Sept. 26, 2001).

After this court's affirmance issued, the district court granted summary judgment to the United States setting forth six reasons. The court held that Mr. Christopher lacked standing to bring this action because only Spartan was affected by the Department's determination against Spartan; Title IV does not provide for a private right of action; Mr. Christopher was estopped from challenging Spartan's eligibility certification because he had made eligibility misrepresentations on his applications; he was not challenging the constitutionality of Title IV, but rather the way in which it was administered; and his claims were barred by the anti-injunction provision of Title IV. The court also held that his recently added claims against the United States Treasury were conclusory and lacking any factual basis.

On appeal, Mr. Christopher raises several issues against Spartan. These issues will not be addressed because Spartan is not a party to this appeal as all issues against it were settled in Mr. Christopher's prior appeal. Mr. Christopher also argues that Title IV prohibits repayment of his student loans, the government had no authority to advise Spartan about collecting his loans, and defendant changed its interpretation of the regulations retroactively.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court" under Fed. R. Civ. P. 56(c). Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-movant. Simms, 165 F.3d at 1326. "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). We examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Mr. Christopher does not address the threshold issue of whether a private right of action exists under Title IV. This court has noted that "[w]here a statute provides an administrative enforcement mechanism, the presumption is that no private cause of action is intended." L'ggrke v. Benkula, 966 F.2d 1346, 1348 (10th Cir. 1992). After examining the statute, the court observed that "Title IV gives extensive enforcement authority to the Secretary" and concluded that "no private cause of action exists" under Title IV. Id. As no private cause of action exists, Mr. Christopher cannot proceed with this action.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge

-5-