**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN P. CHRISTOPHER,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee,

NEC SPARTAN SCHOOL OF
AERONAUTICS,

      Defendant.

No. 11-5136
(D.C. No. 4:00-CV-00034-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Kevin P. Christopher was enrolled at NEC Spartan School of Aeronautics ("Spartan") in 1987 and again between 1989 and 1992. Nearly a decade after leaving, in January 2000, he sued Spartan and the United States Department of Education ("DOE") for damages arising from the alleged misuse of his federal student loans. In August 2001, after Spartan had been dismissed from the suit,[1] the federal district court granted summary judgment for the DOE. It provided several grounds for the decision, but most important for the purposes of this appeal is the second: Title IV of the Higher Education Act (HEA) does not provide a private right of action. We affirmed the district court's judgment. *Christopher v. United States*, 64 F. App'x 132 (10th Cir. 2003).

In July 2010, Christopher filed a motion asking the district court to declare that the DOE could not proceed against him for the recovery of student loans he says Spartan embezzled. Finding the motion to be untimely and without merit, the court denied it. Nearly a year later, in April 2011, Christopher filed a motion under Federal Rule of Civil Procedure 60(b)(4) to vacate the August 2001 judgment in favor of the DOE. This time he raised a jurisdictional argument, asserting the 2001 judgment is void because it was not based on a final decision of an administrative agency and therefore not subject to judicial review. Specifically, he claimed the DOE never resolved his claim that Spartan embezzled substantial portions of his federal loans. He fared no better than before.

The court denied the motion. The summary judgment decision, it explained, "was based on the Court's consideration of its own jurisdiction," a consideration it was

---

[1] We affirmed Spartan's dismissal. *See Christopher v. United States*, 20 F. App'x 774 (10th Cir. 2001).

authorized to make without regard to whether Christopher's claims had been exhausted. (R. at 129.) As a result, "any complaints by plaintiff as to error in that determination based on the failure of the DOE to consider one of his claims are insufficient to void the prior judgment under Rule 60(b)(4)." (*Id.*)

In his brief to this court Christopher lays out four issues:

1) "When a school acting as a fiduciary for the federal government, begins using the plaintiff and other students, the intended beneficiaries of the Federal Student Aid Programs, as innocent agents in a scheme to embezzle those funds from the federal government, no loans exist."
2) "The HEA expressly forbids the conduct, in the first issue described above, and the government's discretion is limited as to what action it may take and against whom and a failure to address such issues does not turn the illegal transactions into loans, guaranteed or otherwise."
3) "The district showed bias in favor of the government."
4) "There was a total want of jurisdiction in this case."

(Appellant's Op. Br. at 9-11.)

The issues he raises have been previously and finally determined, are out of time, or were not raised in the district court. His brief is of no help. It offers little explanation for any of his desultory arguments, cites no authority except in the most abstract manner, and contains no record references. Since he makes no effort to comply with the Rules of Appellate Procedure, it appears he expects this court to identify discreet issues warranting review, craft legal arguments promoting his position, sift through the record to support those arguments, and then decide the appeal in his favor. That cannot happen.

While we construe *pro se* pleadings liberally, "we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation marks omitted). An appellant's "[p]*ro se* status does not excuse the obligation of any litigant to

comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Id.* (quotation marks omitted). This includes Rule 28(a)(9)(A), which requires arguments in an appellant's brief to be supported with citations to the law and record. Christopher has utterly failed to comply with the rules.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge